**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Gina Yanez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA YANEZ,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 10, inclusive,<br><br>　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of Fourth Amendment - Unlawful Seizure Of Person;<br>2. Violation of Fourth Amendment – Excessive Force;<br>3. Municipal Liability – Failure to Train and/or Discipline;<br>4. Municipal Liability – Custom; Practice; and or Policy;<br>5. False Arrest (California Law);<br>6. Battery (California Law);<br>7. Cal. Civil Code § 52.1;<br>8. Negligence (California Law).<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Gina Yanez and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.      Plaintiff filed her Government Tort Claim for Damages with defendant County of Orange less than six months after the December 4, 2018 incident complained of in this case. The County of Orange rejected Plaintiff's claim on October 15, 2019.

## GENERAL ALLEGATIONS

4.      Plaintiff Gina Yanez, hereinafter referred to as "YANEZ" or

COMPLAINT FOR DAMAGES

2

"Plaintiff YANEZ", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

5.     Defendant County of Orange, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and

COMPLAINT FOR DAMAGES

3

were acting in the course of and within the scope of their employment with defendant COUNTY.

8.      Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Orange County Sheriff's Department and/or defendant County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for, *inter alia,*: 1) for unlawfully seizing persons; 2) for using excessive force on persons; 3) fabricating evidence; and 4) covering up tortious conduct by Orange County Sheriff's Department peace officers.

9.      At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or

Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[1].

11.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

12.    In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13. Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –
Unlawful / Unreasonable Seizure of Person
(Against Defendants DOES 1 through 6, inclusive)**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. Plaintiff YANEZ was shopping at the Laguna Hills Mall during the evening of December 4, 2018.

17. At approximately 10:00 p.m. YANEZ got into her vehicle to leave when DOES 1 through 6, inclusive, knocked on her car window and said that the

manager of the Nordstrom Rack reported "suspicious behavior" by someone in the area.

18. DOES 1 through 6, inclusive, then asked YANEZ if she had seen anything. YANEZ was confused and told DOES 1 through 6, inclusive, "No" but then pointed out a man who was a couple hundred feet away.

19. DOES 1 through 6, inclusive, then ran towards the male.

20. YANEZ then backed out of her parking space and left the area.

21. As YANEZ was driving away, DOES 1 through 6, inclusive, pulled YANEZ over.

22. YANEZ immediately complied and pulled over.

23. DOES 1 through 6, inclusive, ordered YANEZ to exit her vehicle; turn around; walk three steps to her left; put her hands up; sit on the street; to put her head down; and then lay on the street face down.

24. YANEZ complied with all the orders.

25. DOES 1 through 6, inclusive, then approached YANEZ to arrest her.

26. DOES 1 through 6, inclusive, placed their knees on YANEZ and yanked her arms and shoulders – causing YANEZ to suffer pain.

27. DOES 1 through 6, inclusive, then handcuffed YANEZ and placed her in the back of an Orange County Sheriff's Department vehicle.

28. YANEZ then spent approximately 2 hours in the back of the deputy's vehicle, while handcuffed.

COMPLAINT FOR DAMAGES

29.    On multiple occasions, YANEZ asked why she was being arrested and none of the deputies responded to her.

30.    After spending approximately 2 hours in the back of the vehicle, YANEZ was taken out by DOES 1 through 6, inclusive. The defendant deputies then began taking photographs of YANEZ.

31.    DOES 1 through 6, inclusive, then took the handcuffs off of YANEZ and told her that she was "free to leave."

32.    As complained of herein above, none of the defendants to this action had a warrant for YANEZ' arrest, nor probable cause to believe that YANEZ had committed a crime, nor reasonable suspicion that YANEZ was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by YANEZ.

33.    Accordingly, the arrest and detention of YANEZ by Defendants DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of YANEZ, in violation of her rights under the Fourth Amendment to the United States Constitution.

34.     As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, YANEZ: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

COMPLAINT FOR DAMAGES

8

35.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of YANEZ' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $500,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against DOES 1 through 6, inclusive)**

36.    Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 35 inclusive, above, as if set forth in full herein.

37.    As mentioned above and in addition to the above and foregoing, when YANEZ was unlawfully arrested and detained, she was physically brutalized by DOES 1 through 6, inclusive.

38.    The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of YANEZ' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

39.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, YANEZ was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and

COMPLAINT FOR DAMAGES
9

expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $1,000,000.00.

40.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of YANEZ' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $500,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendants COUNTY)**

41.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42.    As complained of herein above, the acts of defendants DOES 1 through 6, inclusive, deprived Plaintiff of her rights under the laws of the United States and The United States Constitution.

43.    The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the

COMPLAINT FOR DAMAGES
10

one they were presented with when they confronted Plaintiff, including knowing when peace officers are lawfully allowed to arrest and or detain person.

44.   COUNTY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

45.   The failure of COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOES 1 through 6, inclusive.

46.   COUNTY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff's injuries.

47.   As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00.

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION
## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL *MONELL*[2] CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against Defendants COUNTY)

48.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

48.     As complained of herein above, the acts of Defendants DOES 1 through 6, inclusive, deprived Plaintiff of her rights under the laws of the United States and the United States Constitution.

49.     The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff; to wit, 1) when peace officers are lawfully permitted to arrest / detain persons; and 2) when peace officers are lawfully permitted to use reasonable force.

50.     COUNTY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

---

[2] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

COMPLAINT FOR DAMAGES

12

51.     The failure of COUNTY to provide adequate training was a proximate cause of the deprivation of plaintiff's rights by DOES 1 through 6, inclusive, complained of above.

52.     COUNTY's failure to train its peace officers, as shown above, is so closely related to the deprivation of plaintiff's rights, as to be the moving force that ultimately caused plaintiff's damages and injuries.

53.     As a direct and proximate result of the actions of defendant COUNTY, and each of them, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00.

## FIFTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (Against All Defendants)

54. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. Defendants DOES 1 through 6, inclusive, did not have probable cause to believe that YANEZ had committed a crime nor reasonable suspicion that she had committed a crime.

COMPLAINT FOR DAMAGES

13

56. Defendants DOES 1 through 6, inclusive, restrained, brutalized and deprived YANEZ of her liberty.

57. Defendants DOES 1 through 6, inclusive, intentionally deprived YANEZ of her freedom of movement by use of physical force and violence.

58. YANEZ did not consent to said deprivation of her freedom of movement by Defendants DOES 1 through 6, inclusive, or to the use of force and violence upon her.

59. YANEZ suffered harm because of said deprivation of her freedom of movement by Defendants DOES 1 through 6, inclusive.

60. The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of YANEZ under California state law.

61. Defendants DOES 1 through 6, inclusive, are liable to BENNETT for said false arrest / false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

62. The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, proximately caused YANEZ to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $1,000,000.00.

COMPLAINT FOR DAMAGES

14

63.  The actions of Defendants DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages, save COUNTY, in an amount to be proven at trial which is in excess of $500,000.00.

### SIXTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Against All Defendants)**

64. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as if set forth in full herein.

65. The actions committed by DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff YANEZ, and, therefore, constituted a battery of her by said above-referenced defendant officers under California state law.

66. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00.

67. The actions by said defendants were committed maliciously and

oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $500,000.00.

68. Said Defendants DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on her, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

### SEVENTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

69.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70.     The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to her by the Constitution and laws of the United States, and of the rights secured to her by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

71.     Defendants DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

COMPLAINT FOR DAMAGES

72.     As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $1,000,000.00.

73.     The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $500,000.00.

74.     In addition, as a result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

**EIGHTH CAUSE OF ACTION**
**Negligence**
**Under California State Law**
**(Against all Defendants)**

75.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 74, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

17

76.   The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $1,000,000.00;

b)  For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $500,000.00;

c)  For an award of reasonable attorney's fees and costs;

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just and equitable.

_____/S/_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES